# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### CIVIL DIVISION

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF CEMENT MASONS' LOCAL 526 COMBINED FUNDS, INC., | ) ) ) | CIVIL ACTION   2:20-cv-2013 |
|         Plaintiff, | ) ) ) | **COMPLAINT** |
| v. | ) ) | |
| DEPASQUALE CONSTRUCTION SERVICES, LLC; BART DEPASQUALE individually and jointly and severally, and DOES 1-50, | ) ) ) ) ) | |
|         Defendants. | ) ) | |

Filed on Behalf of Trustees of Cement Masons' Local 526 Combined Funds, Inc.

Counsel of Record for this Party:

Stephen J. O'Brien Esq.
PA ID # 59204

Andrew L. Ciganek, Esq.
PA ID # 323710

Stephen J. O'Brien & Associates
650 Ridge Road, Suite 400
Pittsburgh, PA 15205
(412) 788-7560

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### CIVIL DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF CEMENT MASONS' LOCAL 526 COMBINED FUNDS, INC., | )  CIVIL ACTION )  No.: ) |
| | )  **COMPLAINT** |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEPASQUALE CONSTRUCTION SERVICES, LLC; BART DEPASQUALE individually and jointly and severally, and DOES 1-50, | ) ) ) ) |
| | ) |
| Defendants. | ) |

AND NOW COMES the Plaintiff, Board of Trustees of the Cement Masons' Local 526 Combined Funds, Inc., by and through its attorneys Stephen J. O'Brien, Esquire, Andrew L. Ciganek, Esquire, and the law firm of Stephen J. O'Brien & Associates, and files this Complaint pursuant to the Labor-Management Relations Act, 29 U.S.C. § 185, and 29 U.S.C. § 1132 of the Employee Retirement Income Security Act (hereinafter "ERISA"), averring the following:

## PARTIES AND JURISDICTION

1.     Plaintiff is the Board of Trustees of the Cement Masons' Local 526 Combined Funds, Inc. (the "Trustees").

2.     The Cement Masons' Local 526 Combined Funds, Inc. (the "Funds") are employee benefit plans within the meaning of ERISA 29 U.S.C. § 1002 (1) (2) (3) (21), § 1009 (c) (1) (b) and § 1132, and bring this action on behalf of the Boards of Trustees, participants and beneficiaries.

1

3.      The Trustees conduct the business of the aforesaid Funds at 1900 Andrew Street, Munhall, PA 15120.

4.      Defendant DePasquale Construction Services, LLC is or was engaged in the business of operating a construction company, with its principal office and address at 2111 Orchard Street, Unit #3, Munhall, PA 15210.

5.      Plaintiff is informed and believes and thereon alleges at all times herein mentioned, Defendant Bart DePasquale is a citizen of the State of Pennsylvania.

6.      The true names and identities of Defendants Does 1 through 50, whether individuals, corporations, associations or otherwise are unknown to Plaintiff, who therefore sues Defendants by fictitious names.  Plaintiff is informed, believes, and alleges that each of the Defendants designated Does are legally responsible for the events and happenings herein referred to, and thereby proximately caused the damages hereinafter alleged.

7.      Plaintiff is informed, believes, and alleges that at all times mentioned, each Defendant was the agent, servant, or employee of the other Defendants and in acting as alleged herein did so within the course and scope of the agency or employment and with the permission and consent of each of the other Defendants.

8.      Jurisdiction is conferred on this Court by the Labor-Management Relations Act, 29 U.S.C. § 185, and also by ERISA 29 U.S.C. § 1132, in that the Plaintiff is aggrieved by the Defendants' violation of the Collective Bargaining Agreement with Operative Plasterers and Cement Masons' International Association of the United States and Canada, Local No. 526.

9.      Venue is appropriate in the United States District Court, Western District of Pennsylvania under 29 U.S.C. §1132(e)(2), because the Plan is administered from 2606 California Avenue, Pittsburgh, PA 15212 located in Allegheny County, Pennsylvania.

## FACTS

### Collective Bargaining Agreement

10.     Defendant DePasquale Construction Services, LLC is a signatory to an Agreement with the Cement Masons' Union Local No. 526 of the Operative Plasterer's and Cement Masons' International Association ("Collective Bargaining Agreement").   This Collective Bargaining Agreement is dated January 16, 2017.  (Exhibit 1, Collective Bargaining Agreement.)

11.     Under the terms of the Collective Bargaining Agreement, Defendant DePasquale Construction Services, LLC is required to pay to the Funds certain sums of money for the Defendant's employees who perform classified work, with payments to be made monthly, covering the amounts due for the preceding month's operations, and to furnish a monthly report showing the hours worked.  (Exhibit 1, Collective Bargaining Agreement, pp. 8-12; 30-32.)

### Plaintiff's First Collection Complaint Against Defendants Depasquale Construction LLC and Bart Depasquale for 2018 Collection Fringe Benefits and Contributions

12.     On April 18, 2019, Plaintiff filed a Complaint against Depasquale Construction Services, LLC and Bart Depasquale in United States District Court for the Western District of Pennsylvania.  (W.D. Case No. 2:19-cv-444.)

13.     The Complaint sought recovery for collection of delinquent fringe benefits and contributions work months of June, July, August, September, October, and November 2018. (W.D. Case No. 2:19-cv-444.)

14.     The matter settled on or about October 18, 2019 with the filing of a voluntary dismissal filed by Plaintiff and the parties entered into a voluntary settlement agreement. (Exhibit 2, Settlement Agreement.)

15.     Under the terms of the settlement, Defendants entered into a payment installation schedule to pay $18,674.08 pertaining to the 2018 delinquency.   (Exhibit 2, Settlement

Agreement.)  This settlement additionally required Depasquale to submit to an audit.  (Exhibit 2,

Settlement Agreement).)  The audit determined that Defendants owed an additional $3,793.97 in

contributions for 2018.

16.     Defendants paid to the Cement Masons Local 526 the amounts owed by the terms

of the Settlement and audit.

17.     Plaintiff dismissed the case without prejudice on October 18, 2019.  (W.D. Case

No. 2:19-cv-444 at Dkt. 14.)

**Post-Settlement Fringe Benefits and Contributions for 2019 at Issue in this Second
Complaint**

18.     On or about May 28, 2020, Depasquale Construction Services, LLC employee

and Cement Masons Local 526 member W. Beatty submitted his paystubs to the Cement Masons

for the work months of January to December 2019.

19.     W. Beatty additionally submitted his paystubs to the Cement Masons for his

additional work for the months of January, April, and May 2020.

20.     Based on the 2019 paystubs detailing the hours worked for W. Beatty, Depasquale

Construction Services, LLC required fringe benefits payments and contributions to the Funds.

21.     Based on the 2020 paystubs detailing the hours worked for W. Beatty, Depasquale

Construction Services, LLC required fringe benefits payments and contributions to the Funds.

22.     These 2019 and 2020 contributions at issue are as follows:

|  |  | Hours | Wages | Fringes | Dues | Hrly Dues | Total Due |
|---|---|---|---|---|---|---|---|
| Jan-19 | Beatty,W. | 32.5 | $1,704.30 | $666.25 | $68.17 | $18.53 | $752.95 |
| Feb-19 | Beatty,W. | 4 | $209.76 | $82.00 | $8.39 | $2.28 | $92.67 |
| Mar-19 | Beatty,W. | 90 | $4,719.60 | $1,845.00 | $188.78 | $51.30 | $2,085.08 |
| Apr-19 | Beatty,W. | 157.5 | $8,259.30 | $3,228.75 | $330.37 | $89.78 | $3,648.90 |
| May-19 | Beatty,W. | 204.5 | $10,723.98 | $4,192.25 | $428.96 | $116.57 | $4,737.77 |
| Jun-19 | Beatty,W. | 112 | $5,873.28 | $2,296.00 | $234.93 | $63.84 | $2,594.77 |
| Jun-19 | Beatty,W. | 43 | $2,254.92 | $881.50 | $90.20 | $24.51 | $996.21 |

4

| Jul-19 | Beatty,W. | 155.5 | $8,154.42 | $3,187.75 | $326.18 | $88.64 | $3,602.56 |
| Aug-19 | Beatty,W. | 190.5 | $9,989.82 | $3,905.25 | $399.59 | $108.59 | $4,413.43 |
| Sep-19 | Beatty,W. | 117.5 | $6,161.70 | $2,408.75 | $246.47 | $66.98 | $2,722.19 |
| Oct-19 | Beatty,W. | 124.5 | $6,528.78 | $2,552.25 | $261.15 | $70.97 | $2,884.37 |
| Nov-19 | Beatty,W. | 204 | $10,697.76 | $4,182.00 | $427.91 | $116.28 | $4,726.19 |
| Dec-19 | Beatty,W. | 57 | $2,989.08 | $1,168.50 | $119.56 | $32.49 | $1,320.55 |
| Jan-20 | Beatty,W. | 11 | $576.84 | $225.50 | $23.07 | $6.27 | $831.68 |
| Apr-20 | Beatty,W. | 9.5 | $498.18 | $194.75 | $19.93 | $5.42 | $718.27 |
| May-20 | Beatty,W. | 4 | $209.76 | $82.00 | $8.39 | $2.28 | $302.43 |
| | | | | | | | |
| TOTALS | | 1517 | $79,551.48 | $31,098.50 | $3,182.06 | $864.69 | $36,430.03 |

23.     With penalties and interest, the amount owed by Defendants for fringe benefit contributions on behalf of W. Beatty's amount now totals $40,305.83.

24.     Because the Cement Masons Local 526 had not received any contributions from Depasquale Construction Services, LLC, Mr. Beatty was required to make self-pay welfare contributions to the Fund to maintain his welfare coverage.

25.     The Cement Masons Local 526 received communications from Depasquale Construction regarding requests for continuing welfare benefits for its employee W. Beatty.  This is despite the fact that Depasquale Construction, also previously requested withdrawal from the fund on or about July 7, 2019 based on representations that the company is no longer using Cement Masons.

26.     Defendants failed to submit to the Cement Masons any payment for these 2019 and 2020 delinquency amounts.  The last contribution report Depasquale Construction Services, LLC submitted for Mr. Beatty was for the period ending on August 31, 2018.

27.     Plaintiff alleges that Depasquale Construction Services, LLC, owes benefits payments and contributions to the Funds for W. Beatty's work in 2019 and 2020.

28.     Plaintiff additionally alleges that Depasquale Construction Services, LLC continues to use employee(s) covered by the Collective Bargaining Agreement.  The Cement

Masons Local 526 seek contributions to the Funds for all covered 2019 and 2020 work, at an amount to be determined through audit and discovery.

**Res Judicata Not at Issue**

29.     Res Judicata cannot serve as a bar to Plaintiff's claims in this matter, as the Funds seek separate recovery for different claims based on paystubs received by Plaintiff post-settlement, of Plaintiff's previous collection suite against Defendants from its previous claims against Defendants for 2018 fringes.

30.     Plaintiff's previous claims against Depasquale Construction Services, LLC were dismissed without prejudice.  (W.D. Case No. 2:19-cv-444 at Dkt. 14.)

**Count I**
**ERISA Collection Action**
**(Defendant DePasquale Construction Services, LLC and Does 1-25)**

31.     Paragraphs 1 through 30 of this complaint are re-alleged as through fully set forth herein.

32.     Defendants DePasquale Construction Services, LLC and Does 1-25 under the terms of the Collective Bargaining Agreement were required to do the following:

a.   To submit for each month a report stating the names, social security numbers, and number of hours worked, in such month by each and every person on whose behalf contributions are required to be made by Defendants to Plaintiff, or if no such persons are employed, to submit a report so stating;

b.   To accompany the above reports with payment of contributions based upon an hourly rate as stated in the Collective Bargaining Agreement;

c.   To pay any and all costs incurred by plaintiff in auditing Defendants' payroll records should it be determined that defendant was delinquent in the reporting or submission of

6

all contributions required to be made by it to Plaintiff;

      d.  To pay Plaintiff's reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require defendant to submit its payroll books and records for audit or to recover delinquent contributions.

      33.  Defendants DePasquale Construction Services, LLC and Does 1-25 are delinquent and have breached their obligations to Plaintiff.  Defendants DePasquale Construction Services, LLC and Does 1-25 have failed and refused to submit all of its monthly contribution reports to Plaintiff and/or have failed to make payment of all contributions acknowledged by Defendants to be due to Plaintiff.

      34.  Plaintiff further alleges that Defendants DePasquale Construction Services, LLC's and Does 1-25's failure to submit payment when due has caused the Plaintiff to suffer indeterminate loss of investment income and additional administrative expenses.

      35.  Plaintiff further alleges that the amount due and owing continues to increase monthly due to loss of investment income and interest charges.

      36.  Plaintiff is without an adequate remedy at law, and the Funds will suffer immediate, continuing and irreparable injury, loss and damage unless the Defendant is ordered to specifically perform in accordance with the 29 U.S.C. §§ 1001-1381, and the Collective Bargaining Agreement, and is restrained from continuing to refuse to perform as required.

      37.  Plaintiff seeks reimbursement of legal expenses, for enforcement of the employee benefits sections of the Collective Bargaining Agreement as provided by the Contract and ERISA; attorneys' fees in the amount of $2,500.00; plus costs and ongoing attorneys' fees.

      WHEREFORE, Plaintiff demands the following relief:

      a.  A money judgment in favor of Plaintiff and against Defendants, in the

amount of $40,305.83 for fringe benefits contributions the work months of January 2019 to December 2019, and January, April, and May 2020; and an order for payroll records to determine any additional fringe benefit contributions owned; plus attorneys' fees of $2,500.00; costs and ongoing attorneys' fees;

      b.   Administration and Audit costs and other costs and disbursements in this action;

      c.   That an account be taken as to all employees of Defendant DePasquale Construction as covered by the Collective Bargaining Agreement for 2019 and 2020, as to wages received and hours worked by these employees to determine amounts required to be paid to the Board of Trustees of Cement Masons' Local 526 Combined Funds, Inc. covering the periods for which the agreement is effective;

      d.   That Defendants submit contribution reports to Plaintiff for all months in 2019 and 2020 as required by the Collective Bargaining Agreement.

      e.   That Defendants submit to Plaintiff the names, social security numbers, and number of hours worked, in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff, or if no such persons are employed, to submit a report so stating;

      f.   Interest on the above mentioned amount calculated pursuant to the provisions of the Collective Bargaining Agreement, from the date it became due and owing;

      g.   Attorneys' fees for further litigation preparation;

      h.   For payment in full of any additional amounts that may become due while these proceedings are pending;

      i.   That the Court retain jurisdiction of this case pending compliance with its orders;

      j.   For such other and further relief as the Court may deem just.

**Count II**
**ERISA Breach of Fiduciary Duty to Action**
**(Defendants Bart DePasquale and Does 26-50)**

38.     Paragraphs 1 through 37 of this complaint are re-alleged as through fully set forth herein.

39.     At all times material hereto, individual Bart DePasquale and Does 26-50 were company executives, principle officers, and/or decision makers of DePasquale Construction Services, LLC.

40.     Defendants were responsible for collection of monies payable by Defendant DePasquale Construction Services, LLC resulting from the labor performed by members of Cement Masons' Local 526 covered under the Collective Bargaining Agreement.

41.     Defendants were responsible for submitting monthly Remittance Reports and fringe benefit contributions payable to Plaintiff.

42.     As the owners, principal officers, and/or decision makers of DePasquale Construction Services, LLC, Defendants had the authority to make decisions as to what obligations and/or payments of DePasquale Construction Services, LLC, were to be paid and which ones were not to be paid, including the authority to make payments for their own personal benefit.

43.     At the time that the fringe benefit contributions became due and payable by DePasquale Construction Services, LLC to the Cement Masons' Local 526 Combined Funds, Inc., such monies became assets of the Funds.

44.     Based upon the foregoing, Defendants Bart DePasquale and Does 26-50 constitute "fiduciaries" under ERISA.

45.     Defendants Bart DePasquale and Does 26-50 breached their fiduciary duty to the

9

Cement Masons' Local 526 Combined Funds, Inc. by failing to pay to the Plaintiff such contributions once they became due and payable and are therefore, liable for all fringe benefits and associated interest, contractual damages, attorneys' fees and legal costs owed by DePasquale Construction Services, LLC to Plaintiff.

46.     Plaintiff has demanded payment of all such amounts due, but such individual Defendants have neglected and continue to neglect to pay such amounts.

WHEREFORE, Plaintiff demands the following relief:

a.   A money judgment in favor of Plaintiff and against Defendants, in the amount of $40,305.83 for fringe benefits contributions the work months of January 2019 to December 2019, and January, April, and May 2020; and an order for payroll records to determine any additional fringe benefit contributions owned; plus attorneys' fees of $2,500.00; costs and ongoing attorneys' fees

b.   Administration and Audit costs and other costs and disbursements in this action;

c.   That an account be taken as to all employees of Defendant DePasquale Construction as covered by the Collective Bargaining Agreement for 2019 and 2020, as to wages received and hours worked by these employees to determine amounts required to be paid to the Board of Trustees of Cement Masons' Local 526 Combined Funds, Inc. covering the periods for which the agreement is effective;

d.   That Defendants submit contribution reports to Plaintiff for all months in 2019 and 2020 as required by the Collective Bargaining Agreement.

e.   That Defendants submit to Plaintiff the names, social security numbers, and number of hours worked, in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff, or if no such persons are employed, to submit

10

a report so stating;

  f. Interest on the above mentioned amount calculated pursuant to the provisions of the Collective Bargaining Agreement, from the date it became due and owing;

  g. Attorneys' fees for further litigation preparation;

  h. For payment in full of any additional amounts that may become due while these proceedings are pending;

  i. That the Court retain jurisdiction of this case pending compliance with its orders;

  j. For such other and further relief as the Court may deem just.

**Count III**
**State Common Law Conversion Action**
**(Defendants Bart DePasquale and Does 26-50)**

47. The averments contained in paragraphs 1 through 46 of the Complaint are hereby incorporated by reference herein. The Court has supplemental jurisdiction of the claim set forth in the Count pursuant to 28 U.S.C. § 1367.

48. Pursuant to the Collective Bargaining Agreement, DePasquale Construction Services, LLC withheld monies from its employees' wages for union dues and other deductions that were required to be remitted to the Plaintiff.

49. In violation of such Agreement, DePasquale Construction Services, LLC failed to remit such deductions for union dues and other deductions to Plaintiff.

50. At all times relevant to this action, Defendants Bart DePasquale and Does 26-50 had the authority and the responsibility to remit such employee wage withholdings to the Plaintiff.

51. Defendants Bart DePasquale and Does 26-50 exercised dominion and control over the employee wage withholdings, and authorized and/or permitted such monies to be used to pay

11

other obligations of DePasquale Construction Services, LLC and/or the personal debts of the individual Defendants.

52.     Based on the foregoing, Defendants Bart DePasquale and Does 26-50 intentionally converted such monies that were rightfully due and payable to the Plaintiff.

53.     Plaintiff is also entitled to receive from Defendants Bart DePasquale and Does 26-50 interest on all monies due since initial delinquency, and late payment fees, plus additional interest thereafter.

WHEREFORE, Plaintiff demands the following relief:

a.      A money judgment in favor of Plaintiff and against Defendants, in the amount of $40,305.83 for fringe benefits contributions the work months of January 2019 to December 2019, and January, April, and May 2020; and an order for payroll records to determine any additional fringe benefit contributions owned; plus attorneys' fees of $2,500.00; costs and ongoing attorneys' fees

a.   Administration and Audit costs and other costs and disbursements in this action;

b.   That an account be taken as to all employees of Defendant DePasquale Construction as covered by the Collective Bargaining Agreement for 2019 and 2020, as to wages received and hours worked by these employees to determine amounts required to be paid to the Board of Trustees of Cement Masons' Local 526 Combined Funds, Inc. covering the periods for which the agreement is effective;

c.   That Defendants submit contribution reports to Plaintiff for all months in 2019 and 2020 as required by the Collective Bargaining Agreement.

d.   That Defendants submit to Plaintiff the names, social security numbers, and number of hours worked, in such month by each and every person on whose behalf contributions

are required to be made by Defendant to Plaintiff, or if no such persons are employed, to submit

a report so stating;

     e.   Interest on the above mentioned amount calculated pursuant to the provisions of

the Collective Bargaining Agreement, from the date it became due and owing;

     f.   Attorneys' fees for further litigation preparation;

     g.   For payment in full of any additional amounts that may become due while these

proceedings are pending;

     h.   That the Court retain jurisdiction of this case pending compliance with its orders;

     j.   For such other and further relief as the Court may deem just.


DATED: December 28, 2020          Stephen J. O'Brien & Associates

                  By  */s/ Andrew L. Ciganek*
                       Stephen J. O'Brien, Esq.
                       Andrew L. Ciganek, Esq.
                       Attorney for Plaintiff
                       650 Ridge Road, Suite 400
                       Pittsburgh, PA 15205
                       (412) 788-7560
                       (412) 788-7563 (fax)